UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLEVELAND RAYFORD, M.D., M.A.,<br><br>    Petitioner,<br><br>    v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br><br>    Defendant. | Case No. 08-cv-204-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Wexford Health Sources, Inc.'s ("Wexford") bill of costs (Doc. 32) requesting taxing of costs in the amount of $754.10, the amount paid to a court reporting service for the plaintiff Cleveland Rayford's deposition. The bill of costs is supported by an affidavit as required by 28 U.S.C. § 1924 (Doc. 40). Rayford has filed a motion asking the Court to stay the taxing of costs pending the outcome of the appeal in this case (Doc. 38). He further notes the amount requested by Wexford exceeds the amount Rayford was charged for the deposition transcript, $359.20.

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). The Court may then review the Clerk's action within the next 7 days. *Id.* The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). A reduction or denial of costs may be appropriate, for example, where a prevailing party has committed some kind of misconduct or where the losing party is indigent. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). If the Court reduces or denies costs, it must explain its decision. *Krocka*, 203 F.3d at 518. The expense of depositions necessarily obtained

for use in the case may be taxed as part of the costs.  *See* 28 U.S.C. § 1920(2).

Rayford has not given any good reason that overcomes the presumption that costs should be awarded to Wexford promptly.  The difference in the fees paid for each party's deposition transcript does not raise any suspicion of irregularity in the bill of costs.  On the contrary, court reporters' standard practice is to charge a full fee for preparation of the first transcript and a reduced fee for preparation of additional copies.  In this case, Wexford apparently ordered the first transcript at full price, and Rayford purchased his copy at a reduced price.

For the foregoing reasons, the Court **DIRECTS** the Clerk of Court to tax costs in the amount of $754.10 and **DENIES** Rayford's motion to stay the taxing of costs (Doc. 38).

**IT IS SO ORDERED.**
**DATED:  April 27 2010**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**